### MORRIS & CO. v. FELS & CO.

(Circuit Court of Appeals, Third Circuit. February 1, 1922.)

#### No. 2777.

Appeal and error ⊜1062(4)—Error in submitting contract to jury for construction held harmless where it was correctly construed.

    The fact that a court erroneously submitted a contract to the jury for construction *held* not ground for reversal, where the jury construed the contract as the court should have construed it as matter of law.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by Fels & Co. against Morris & Co. . Judgment for plaintiff and defendant brings error. Affirmed.

Furth, Singer & Bortin, of Philadelphia, Pa., and John M. Lee, for plaintiff in error.

Ralph Evans, of Philadelphia, Pa., for defendant in error.

. Before BUFFINGTON, WOOLLEY and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. ,This case concerns certain tank-car, load lots, of stearine sold, as was alleged, by Morris & Co., a corporate citizen of Maine, engaged in meat packing in Chicago, to Fels & Co., a corporate citizen of Pennsylvania, engaged in soap

making in Philadelphia. The stearine, which was shipped from Chicago to Philadelphia on bills of lading accompanying a draft, was paid for by Fels & Co. before examination. Alleging the stearine shipped proved subsequently not the stearine provided for by the contract, Fels & Co. tendered its return to Morris & Co. The latter company refused to receive it. By mutual arrangement, it was sold for the benefit of whom it might concern. Fels & Co. then brought suit against Morris & Co. to recover the money it had paid. On trial, the jury found in favor of Fels & Co., and to review a judgment in that company's favor, entered on the verdict, Morris & Co. sued out this writ of error, and the controlling assignment of error is that the court erred "in failing as a matter of law, to construe the contract between the parties as it was written." The contract being established, the court left the construction of the contract to the jury, instructing in substance that if they found the contract was as Fels & Co. contended, the verdict should be for Fels & Co.; otherwise, they should find for the defendant.

By the verdict, the fact is established that the sale was one of Morris & Co.'s brand of yellow stearine which, concededly, was not delivered. Assuming the court committed error in that it should have itself construed the contract instead of submitting it to the jury, the burden now rests on the defendant to satisfy us that the true construction of the contract was that the subject of sale was not of Morris & Co.'s brand of yellow stearine. But to our mind, that is just where the defendant's effort to escape liability failed, for a careful study of the telegrams and correspondence satisfies us that the court below instead of leaving the construction and application of the contract to the jury, should have itself held the contract was for the sale of Morris & Co.'s own yellow stearine and not merely for a stearine of that general kind.

Without entering into a detailed discussion of the writings involved, we note the facts of the Morris & Co.'s offer through its agent, of "tank Morris white grease stearine" and "twenty tank yellow grease stearine"; of Fels & Co.'s understanding of this as an offer of Morris 'own "yellow" grease stearine by its reply "should like to try tank Morris yellow grease stearine accept car price mentioned"; Morris & Co.'s agent's telegram of confirmation of this order and understanding, "Confirm tank Morris yellow grease stearine"; Fels & Co.'s following letter "acknowledging your confirmation of the tank car of Morris' yellow grease stearine"; confirmation of that order by sale note, viz.:

"We have sold you for account of Morris & Co. * * * one (1) seller's tank (about 60,000#) yellow grease stearine. * * * Seller warrants regular quality of yellow grease stearine."

As to the two additional cars of stearine, we note: Morris' offer, through its agent which confirmed sale of "tank Morris yellow grease stearine" and offered "two more tanks yellow grease stearine"; also, Fels & Co.'s understanding of that offer as one of Morris & Co.'s stearine in its telegram and offer, "Offer 16.50 Chicago two tanks additional Morris yellow grease stearine"; acceptance of that offer

and understanding in the wire acceptance by Morris & Co.'s agent, viz., "Answering your message of yesterday Morris confirms two tanks yellow grease stearine"; the bill of sale, "We have sold you for account of Morris & Co. * * * two (2) seller's tanks (about 60,-000# each) yellow grease stearine. * * * Seller warrants regular quality of yellow grease"; and Fels & Co.'s letter confirming the exchange of telegrams, viz., "We understand that you have booked us with two additional seller's tank cars of Morris yellow grease stearine."

In view of the above, it is clear that, as the jury by its verdict construed the contract in fact as the court should have construed it in law, Morris & Co. have not shown the court below committed any error to their prejudice.

The judgment below is therefore affirmed.