[Civ. No. 4804.   First Appellate District, Division One.—September 26, 1924.]

## KATHERINE DOWD (a Widow), Appellant, v. ATLAS TAXICAB AND AUTO SERVICE COMPANY, etc., et al., Respondents.

## SIBYL E. DOWD, Appellant, v. ATLAS TAXICAB AND AUTO SERVICE COMPANY, etc., et al., Respondents.

[1] Instructions—Request for—Elements not Covered.—Estoppel.—While one may not complain of instructions given to a jury at his request, and while also a party requesting instructions upon a legal question, which are given in another form, is in no position to complain of other instructions upon that subject, nevertheless the case is different where a requested instruction contained certain elements not covered by the instructions given.

[2] Id.—Error—Estoppel.—Where a party is unable to induce the court to instruct the jury according to his view of the law, the fact that he asks instructions presenting the most favorable view of the law that the court will entertain does not estop him on appeal to assign error upon the action of the court.

[3] Negligence—Injuries to Taxicab Passengers—Excessive Speed—Duty of Passengers — Contributory Negligence — Instructions.—In actions for damages for injuries received by taxicab passengers through the overturning of a machine alleged to have been caused by its operation at an excessive rate of speed, the trial court should have given instructions requested by plaintiffs embodying the rule that even though plaintiffs knew that the automobile in which they were riding was being driven at a rate of speed prohibited by law, nevertheless they were only bound to take such proper precautions for their own safety as a reasonable person under similar conditions would take and they were not bound to leave the machine unless such act would be the act of a reasonable person, nor were they bound to attract or distract the attention of the driver simply because he was proceeding at an unlawful rate of speed, unless the taking of steps to that end would, under the circumstances, have been the act of a reasonable person.   (Opinion of supreme court on denial of hearing.)

[4] Id.—Instructions—Proximate Cause.—In such actions, an instruction given by the trial court "that when the negligence of the

1.   See 14 R. C. L. 799.
3.   See 3 Cal. Jur. 854.
4.   See 19 Cal. Jur. 758.

injured party contributes to the injuries complained of, the law will afford no redress, and if, therefore, you find in this case that plaintiff was negligent, and such negligence contributed to the injuries complained of, I instruct you that plaintiffs cannot recover against the defendants," was incorrect in that it omitted the word "proximately," which should have followed the word "contributes" and the word "contributed" therein. (Opinion of supreme court on denial of hearing.)

[5] Id.—Proximate Cause.—It is not necessary that a negligent act to be actionable shall contribute directly to the accident or the injuries complained of. It is sufficient if it contributes proximately though indirectly. (Opinion of supreme court on denial of hearing.)

[6] Id.—Evidence—Instructions.—In such action, the following statement in an instruction: "It must also appear *to your satisfaction* that the plaintiffs were without fault or negligence on their part which *may* in anywise have contributed to the accident," was erroneous. (Opinion of supreme court on denial of hearing.)

---

(1) 4 C. J., p. 707, sec. 2619, p. 709, sec. 2620; 38 Cyc., pp. 1718, 1788.  (2) 4 C. J., p. 714, sec. 2626 (Anno.); 38 Cyc., p. 1789. (3) 10 C. J., pp. 1161, 1162, sec. 1524.  (4) 29 Cyc., p. 654.  (5) 29 Cyc., p. 490.  (6) 29 Cyc., p. 653.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Ed F. Jared, Mervyn R. Dowd, Bert Schlesinger and S. C. Wright for Appellants.

Ford & Johnson for Respondents.

KNIGHT, J.—These two actions were brought by appellants to recover from defendants damages for injuries caused by the overturning of a taxicab in which appellants were riding as passengers. The taxicab in question was owned and operated by respondents in the city and county of San Francisco and on January 1, 1919, was hired to convey the appellants and members of their family and friends to their respective homes. Said taxicab was in fact an in-

---

closed limousine, the driver's seat being outside of the glass inclosure. After starting from O'Farrell Street, near Powell, the driver proceeded out Market Street and at or near its intersection with Grove Street the taxicab skidded and overturned, causing the injuries for which recovery of damages is sought herein. It was alleged by appellants that said accident occurred because said taxicab was driven at an unlawful and excessive rate of speed. Besides denying the negligent acts charged against them, defendants set forth in their answer that appellants were guilty of contributory negligence.

The actions were tried together, resulting in a verdict for defendants, but upon appeal to the supreme court were reversed upon the ground that the trial court had erroneously instructed the jury upon the question of contributory negligence, and the causes were remanded for new trial. (*Dowd v. Atlas Taxicab & Auto Service Co.*, 187 Cal. 523 [202 Pac. 870].)

Thereafter said causes were again tried together, by agreement of the parties, and the jury returned a verdict in each case in favor of defendants. From the judgments entered thereon these appeals, presented in one transcript and one set of briefs, were taken.

The first contention of appellants is that the trial court again erroneously instructed the jury upon the question of contributory negligence. In regard to that issue it will be observed that the supreme court in the opinion filed in the previous appeals laid down the rule that even though appellants knew that the automobile in which they were riding was being driven at a rate of speed prohibited by law, nevertheless they were only bound to take such proper precautions for their own safety as a reasonable person under similar conditions would take and that they were not bound to leave the machine unless such act would be the act of a reasonable person. Also, that they were not bound "to attract or distract the attention of the driver simply because he was proceeding at an unlawful rate of speed, unless the taking of steps to that end would, under the circumstances, have been the act of a reasonable person." The court also held that the plaintiffs were bound, assuming that the vehicle was being driven at an unlawful rate of speed, "to take such proper

precautions for their own safety as a reasonable person under similar conditions would take. They were not bound to leave the machine unless such act would be the act of a reasonable person." As to the efforts made by plaintiffs to attract the attention of the driver the court said: "It was for the jury to determine the sufficiency of these efforts to absolve the plaintiffs of responsibility *under proper instructions of the court."* Conforming to the law as thus stated, plaintiffs, on the second trial, proposed and requested the court to give the following instructions:

"Instruction No. 10: I charge you that a passenger in a taxicab has a right to rely upon the duty of the driver to exercise the highest degree of care for his or her protection, and if in this case you should find that the plaintiffs realized that the driver was proceeding at an unlawful rate of speed, they were not bound to either leave the machine or compel a reduction of the speed unless the adoption of such course would, under the circumstances, have been the act of a reasonable person."

"Instruction No. 12: I charge you that if you should find from the evidence that the taxicab was being driven at an unlawful rate of speed and the plaintiffs were aware of such fact, they were only bound to take such proper precautions for their own safety as a reasonable person under similar conditions would take. They were not bound to leave the machine or adopt other measures unless such act would be the act of a reasonable person."

The trial court refused to give either of said instructions, but gave to the jury, among others, the following general instructions upon the subject of contributory negligence:

"Instruction No. 18: You are instructed that when the negligence of the injured party contributes to the injuries complained of, the law will afford no redress, and if, therefore, you find in this case that plaintiff was negligent, and such negligence contributed to the injuries complained of, I instruct you that plaintiffs cannot recover against the defendants. In order to avoid injury to themselves plaintiffs were bound to have exercised reasonable care to avoid the same, that is, they were bound to use such care and diligence as a reasonable and prudent person would have exercised under like circumstances."

"Instruction No. 39: I instruct you that if you believe from the evidence that (either of) the plaintiffs was herself guilty of negligence which proximately contributed to the happening of the accident which resulted in her alleged injuries, then there can be no recovery by her and your verdict must be for the defendants."

We are of the opinion that the trial court should have either given plaintiffs' instructions numbered 10 and 12, or embodied the two principles of law stated therein in the general instructions which were given by the court upon the subject of contributory negligence. Whether or not, under the circumstances, there was any duty imposed upon appellants as passengers for hire to either leave said taxicab or to compel a reduction of the speed thereof if they believed it was being driven excessively, and if there was such duty, how far it extended, were the two main factors considered upon the former appeal in determining the law of the case upon the issue of contributory negligence. The decision rendered therein clearly defined and circumscribed that duty. On account of the refusal of the trial court upon the second trial to give the two instructions proposed by appellants or to incorporate the substance thereof in its own instructions, the jury was deprived of the benefit of the correct rule that had been established for its guidance in deciding the issue of contributory negligence and of necessity was required to speculate and conjecture as to what the rule under the circumstances should be and, in fact, was allowed to fix its own measure of legal responsibility. In that situation it is not unreasonable to believe that said jury in passing upon the issue of contributory negligence adopted the same rule contended for by respondents upon the first appeal and which the supreme court declared was wrong. In other words, the jury in the second trial may have decided the cases against the appellants upon the same erroneous conception of appellants' legal duty as did the jury in the first trial. The two rejected instructions requested by appellants seem to have been taken almost in their entirety from the opinion heretofore rendered in this case and would have complied in all respects with the views therein expressed. Therefore they should have been given.

It may be conceded that the two instructions above quoted, which were given by the court upon the subject of contributory negligence generally, the first of which was given of its own motion, and the second being given at the request of respondents, correctly stated the general rule upon that subject, but such general instructions entirely ignored certain elements of legal protection allowed appellants by the decision upon the former appeal. For that reason we believe prejudicial error was committed.

[1] While it is a well-established rule that one may not complain of instructions given to a jury at his request (*Emerson* v. *County of Santa Clara*, 40 Cal. 543; *Hughes* v. *Pacific Electric Ry. Co.*, 58 Cal. App. 375 [208 Pac. 335]), and that a party requesting instructions upon a legal question, which are given in another form, is in no position to complain of other instructions upon that subject (*Charves* v. *Terminal Rys.*, 44 Cal. App. 221 [186 Pac. 154]; 38 Cyc. 1788, 1789), nevertheless the case is different where a requested instruction contained certain elements not covered by the instructions given. "Where a trial court throws aside instructions asked by one or both of the parties and prepares written instructions of its own, these must fairly instruct the jury on all legal questions involved in the case, and it must appear that no injury has been done to the defeated party by the refusal of the instructions asked by him." (*Wacaser* v. *People*, 134 Ill. 438 [23 Am. St. Rep. 683, 25 N. E. 564].) [2] Even where a party is unable to induce the court to instruct the jury according to his view of the law, "the fact that he asks instructions presenting the most favorable view of the law that the court will entertain does not estop him on appeal to assign error upon the action of the court." (38 Cyc. 1789.)

In view of the fact that the reversal of these judgments will necessitate a new trial, it may be well to state that we find no error in the court's having given the other two instructions complained of on this appeal, to wit, instructions numbered 41 and 42.

The judgments appealed from are reversed.

Tyler, P. J., and St. Sure, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1924, and the following opinion then rendered thereon:

THE COURT.—Respondents' petition to have the above-entitled cause heard and determined by this court after judgment in the district court of appeal is denied. [3] While we do not fully approve the form of instructions Nos. 10 and 12, which were refused by the trial court, we are of the opinion that a substantial equivalent of such instructions should have been, but was not, given by the trial court. The rule as to the right of a passenger to rely upon the exercise of due care by a driver of a motor vehicle was quite accurately stated by this court in its opinion upon the former appeal, and should be substantially adhered to by the trial court in its instructions to the jury upon a further trial of this case. (187 Cal. 528 [202 Pac. 870].) [4] Instruction No. 18 as given by the court is incorrect in that it omits the word "proximately," which should have followed the word "contributes" and the word "contributed" therein. This omission may well have been prejudicial when this instruction is read in connection with instruction No. 16, given by the court, which told the jurors that "Before the plaintiff can recover in this action it must appear to your satisfaction by a preponderance of the evidence that the defendant, or its servant, was guilty of some negligence which *directly* contributed to the accident." (Italics added.) [5] It is not necessary that a negligent act to be actionable shall contribute directly to the accident or the injuries complained of. It is sufficient if it contributes proximately though indirectly. (*Merrill* v. *Los Angeles etc. Co.,* 158 Cal. 499, 503 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 599, 111 Pac. 534].) [6] Said instruction No. 16 also contained the following erroneous statement: "It must also appear *to your satisfaction* that the plaintiffs were without fault or negligence on their part which *may* in any wise have contributed to the accident." (Italics added.) It is but fair to note that these errors in instructions numbered 16 and 18 have not been called to the attention of the court by counsel upon this appeal. They

are here pointed out for the guidance of the trial court upon the retrial. Assuming, without deciding, that instructions numbered 41 and 42 are not erroneous as a matter of law, nevertheless they might well have been refused upon the ground of their likelihood to mislead the jury.