[Civ. No. 1780.   Fourth Appellate District.—May 18, 1936.]

FRED A. RAMSEY et al., Respondents, v. HARRY P. FURLOTT, Appellant.

F. E. Davis for Appellant.

Siemon, Claflin & Maas for Respondents.

BARNARD, P. J.—This is an action to foreclose a chattel mortgage. The answer set up as a defense that there was no consideration for the debt and that the plaintiffs had waived the lien of the mortgage by selling certain real estate under a deed of trust. The answer alleged that the defendant was indebted to the plaintiffs in the sum of $3,500, evidenced by a note secured by a deed of trust on real estate; that subsequently another note and this chattel mortgage were given as security for this same indebtedness; that there was but one debt and this note and chattel mortgage were given only as additional security for the original obligation; that the plaintiffs had held a ''pretended sale'' and had sold the real estate under the deed of trust; that the proceeds from such pretended sale of property was sufficient to extinguish the entire

indebtedness; and that the obligation represented by the chattel mortgage was therefore fully paid. The court found on all issues in favor of the plaintiffs and judgment was entered, from which this appeal is taken on the judgment roll alone.

The main point relied upon for reversal is that the respondents must be taken to have lost their right to foreclose this chattel mortgage because they had previously foreclosed a mortgage on the real property, securing the same indebtedness, and there can be but one action for the recovery of any debt secured by a mortgage upon real or personal property. (Code Civ. Proc., sec. 726.) It is not contended that, in fact, there had been another foreclosure action in connection with the real property which was also given as security for this debt. It is argued that a violation of section 726 appears upon the face of the complaint since it was there alleged that the debt was secured both by the chattel mortgage and by the real estate and that the real estate had been sold and the proceeds thereof applied upon the indebtedness. It is therefore argued that it must be presumed that the sale of the real property referred to was had as a result of a decree of foreclosure in a former court proceeding, and that the complaint is therefore insufficient. Without conceding that the complaint is subject to such a construction it is sufficient to say that any possible deficiency therein was cured by the allegations of the answer, from which it appears that the real property had been sold under the trust deed through the order of the plaintiffs, and the court found to the same effect. The evidence is not before us and all presumptions are in favor of the findings and judgment. It is well settled that such a sale, under the powers given by a deed of trust, will not bar a subsequent action to recover the remainder of the indebtedness.

There is no merit in the contention that there was no consideration for the last note and the chattel mortgage. It was alleged in the answer that these were given as additional security for the original obligation. The court found that the second note was executed for the sake of convenience and in the belief that a separate note should accompany the chattel mortgage. This amounted to a renewal of the indebtedness and an implied extension of time. (*First National Bank* v. *Golden,* 19 Cal. App. 501 [126 Pac. 498].) While the giv-

ing of such a new note may have suspended the remedy upon the old note (*Tolman* v. *Smith*, 85 Cal. 280 [24 Pac. 743]), no further or new consideration was required for the new note. (*Smitton* v. *McCullough*, 182 Cal. 530 [189 Pac. 686].)

■ An ingenious argument is presented to the effect that certain of the findings are contradictory. No real contradiction appears and the findings, as a whole, are entirely sufficient to support the judgment. (*American National Bank* v. *Donnellan*, 170 Cal. 9 [148 Pac. 188, Ann. Cas. 1917C, 744].)

■ It is next urged that the judgment is void because the personal property is not sufficiently described in the chattel mortgage and in the judgment to enable it to be found and taken. Numerous articles are enumerated which might be found upon any farm. While some of these are very definitely described others are merely named in general. However, they are all described as located upon certain described real property which was owned by the appellant at the time the mortgage was given. This description was sufficient even under the rules laid down in the cases cited by the appellant.

■ A further contention is made that the court erred in allowing attorney's fees since the note set forth in the complaint contained no such provision. The complaint also set forth a copy of the chattel mortgage which provided for attorney's fees. This was sufficient to support that part of the judgment (*Hellier* v. *Russell*, 136 Cal. 143 [68 Pac. 581].)

■ Some contention is made that the court went outside the issues of the case in appointing a receiver. The court found that the plaintiffs were entitled to have a "receiver and commissioner" appointed for the purpose of recovering and gathering the property together, and making a sale thereof. In the judgment a certain person was appointed receiver and commissioner for that purpose. The use of the word "receiver" added nothing to the legal effect of the order which, in fact, was one appointing a commissioner. No such irregularity appears as would justify a reversal.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.