[Civ. No. 1905.   Fourth Appellate District.—June 3, 1936.]

LUCY SHAHABIAN, an Incompetent Person, etc., et al., Respondents, v. THOMAS NAJARIAN et al., Defendants; M. G. FERRAHIAN, Appellant.

M. G. Ferrahian, *in pro. per.*, and N. B. Nelson for Appellant.

Bartlett, Marion & Lillie, Henry Davidian and Myer B. Marion for Respondents.

MUNDO, J., *pro tem.*—Plaintiffs' second amended complaint alleges that the plaintiff wife is, and at all times mentioned in the complaint was, an incompetent person; that on or about March 27, 1920, she entered into a partnership with George Carpenter for the purpose of operating a retail drug business; that she contributed as her share of the capital the sum of $1400 cash and her interest in a business formerly conducted by her then lately deceased husband and the said Carpenter; that in 1924 the business was sold and with the proceeds thereof they purchased certain real property upon which they erected a theater building with stores and offices; that the title to said property was taken in the name of said Carpenter; that on March 2, 1927, Carpenter died leaving a will devising his entire estate to plaintiff and naming her as executrix; that she procured the services of the defendant, M. G. Ferrahian, a practicing attorney at law, for the purpose of representing her in the probate proceedings; that the reasonable value of all the services performed by the said M. G. Ferrahian did not exceed the sum of $500; that she reposed explicit faith and trust in appellant to such a degree as to be entirely dominated and influenced by appellant; that by reason of her faith and trust in him she placed him in possession and control of her properties; that upon her information and belief, during the years 1928 and 1929, the said defendant came into possession of $6,950 belonging to plaintiff no part of which has ever been paid to plaintiff; that plaintiff dis-

covered this fact within two years prior to the commencement of this action. Mesrob Shahabian, husband of the plaintiff, Lucy Shahabian, is joined as party plaintiff. He also acted as guardian *ad litem* of the plaintiff Lucy Shahabian for the purposes of this action.

The defendant Ferrahian answered denying the incompetency of plaintiff and denying he had dominated or influenced plaintiff or that he had been given possession of her property. He alleges that a bank had been appointed to act as administrator and it and not he took possession and control of plaintiff's property. He further alleges that during the partnership of plaintiff and Carpenter he acted as attorney for the firm; that when Carpenter died appellant had a claim of $750 against the firm for services rendered, which plaintiff agreed to pay; that after he had filed the Carpenter will for probate a contest was filed by the defendants, Thomas Najarian and Yeranig Najarian; that this contest and other matters incident to the probate proceedings required considerable work on his part; that for this and all his services and claims plaintiff gave him a promissory note in the amount of $6,000; that afterwards he agreed to discount said note and took from plaintiff the sum of $4,500 in full settlement, and returned the note to plaintiff.

As separate defenses the defendant, Ferrahian alleges that plaintiff's alleged cause of action is barred by the statute of limitations, and that plaintiff's claim had been satisfied by virtue of a settlement had between her and other defendants.

Originally the complaint, filed November 24, 1930, was upon five separate causes of action, the defendant Ferrahian, and Thomas Najarian and his wife Yeranig Najarian being joined as defendants. The defendant Ferrahian, appearing for himself alone, demurred to the complaint, which demurrer was overruled and he filed his answer. The other defendants also filed a demurrer which was sustained with leave to amend. The complaint was duly amended and served on the defendants Najarian. They answered and the case was set for trial. Upon the trial the defendant Ferrahian moved that no testimony be introduced against him on the ground that he had not been served with a copy of the amended complaint, which motion was granted. The trial proceeded as to the other defendants, and before a termination thereof, a settlement was effected and dismissal with prejudice entered

as against the defendants Najarian, leaving the defendant Ferrahian as the only defendant. On August 24, 1932, the first amended complaint was served on Ferrahian, who made a motion to strike same from the files on the ground that it had not been served on him within the time required by the order of the court. This motion was denied and Ferrahian answered. Thereafter with consent of Ferrahian plaintiff filed a second amended complaint which was duly served upon Ferrahian. Issue having been joined thereon, the matter went to trial before the court sitting with a jury, and a verdict and judgment was had for the plaintiff in the sum of $3,000.

Upon this appeal by the defendant Ferrahian it is contended first that the complaint does not state a cause of action. He argues that the court erred in overruling his demurrer. It must be remembered at the outset that no demurrer was interposed to the second amended complaint, consequently all technical objections thereto are deemed waived. This, of course, does not mean that the objection that the second amended complaint does not state facts sufficient to constitute a cause of action is waived. Such an objection is not waived by a failure to raise it by demurrer or answer, but may be made at any stage of the controversy. It may be raised for the first time at the trial or upon appeal. (Code Civ. Proc., sec. 434; 21 Cal. Jur. 267.)

Appellant refers to paragraph IX of the second amended complaint and argues that it imports a cause of action for money had and received. That paragraph recites: "That the plaintiffs are informed and believe and therefore allege that during the years 1928 and 1929 the defendants and each of them, came into possession and exercised control of moneys belonging to the said plaintiff, Lucy Shahabian, in the sum of Sixty Nine Hundred Fifty Dollars, ($6950.00) no part of which has been paid to the plaintiffs or either of them.'' Appellant says that this paragraph is not sufficient as a basis of an action for money had and received in that it does not allege that the money was received for the use or benefit of the plaintiffs. Although the paragraph does not expressly allege that the money was had or received by the defendants to or for the use of plaintiffs, and, therefore departs from the approved and usual form for this form of

pleading, it nevertheless alleges that the money belongs to the plaintiffs and was collected by the defendants, and was not paid over to the plaintiffs. Having collected money belonging to the plaintiffs, equity and good conscience required that the defendants should pay it over to the parties entitled thereto. "The action for money had and received will lie wherever it appears that defendant has received money which in equity and good conscience he shall pay to the plaintiff." (*Fox* v. *Monahan,* 8 Cal. App. 707 [97 Pac. 765].) As a count for money had and received we should say that it is not in a form that is to be commended; but we think that in the face of an attack by general demurrer only—and that is what the objection amounts to—it sufficiently appeared that the money sued for had been received for the use of the plaintiffs.

However, we shall pass this point and consider the contention of the respondents. They contend that their complaint is not upon money had and received, but is upon the theory that the relation of attorney and client existed between the appellant and the respondent, Lucy Shahabian; that during the course of this relationship the appellant obtained an unfair advantage over his client; that by reason thereof respondent suffered injury and is entitled to recover damages therefor. "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." (Code Civ. Proc., sec. 452.) The second amended complaint construed in this manner does, we believe, state all the facts necessary to support a cause of action conforming to respondents' theory of the case. No doubt had appellant raised by special demurrer the objections now made, respondents would have been required to overcome them, but, as it is, the complaint is sufficient against the general objection raised. Appellant's answer indicates that he was not misled by the theory of the action; he accepted the issue as involving a question of damages rather than money had and received.

Appellant next complains that he was joined with other defendants who were not attorneys at law; that there is a misjoinder of parties defendant. All objections to the misjoinder of parties defendant must be taken by demurrer or answer, and if not so taken they are waived. (*Heinlen* v.

*Heilbron,* 71 Cal. 557 [12 Pac. 673].) Appellant, by not interposing a demurrer to the second amended complaint or raising the objection in his answer, waived his right to complain on that score. ■ Moreover it is fundamental that only those defendants who are shown by the evidence to be liable, may be held, regardless of whether the question of misjoinder is raised. The original complaint contained five different causes of action against all three defendants. When the complaint was amended it withdrew therefrom four causes of action, leaving the one cause of action against appellant and to which all proof was directed. Thus the technical misjoinder of parties defendant in nowise affected the substantial rights of appellant.

■ On January 20, 1931, plaintiffs amended their complaint, served the same upon the other two codefendants, but failed to serve appellant. When the case was called for trial appellant successfully moved the court to preclude the taking of evidence against him on the ground that he had not been served with a copy of the amended complaint. The case against the other defendants went to trial. Some nineteen months later the amended complaint was served on appellant and he promptly moved to strike same from the files. The motion was denied. This ruling, appellant contends, was erroneous. Whether erroneous or not we fail to see how the ruling could be prejudicial since appellant stipulated that a second amended complaint might be filed. The case against appellant was tried on the issues raised by this pleading and his answer thereto. The sufficiency of the superseded pleadings and the correctness of the rulings thereon cannot now be considered in view of appellant's stipulation.

■ When respondents rested their case appellant made a motion for nonsuit upon two grounds: (1) "That plaintiff has utterly failed to prove any facts whatever within the issues presented by her complaint"; (2) "That the cause of action is barred by the statute of limitations". This motion, also, was denied by the court, which ruling appellant claims was error. A reading of the record clearly shows that appellant had received as his fees an amount which the triers of the facts might reasonably determine to be the result of an advantage unfairly taken over the respondent Lucy Shahabian, who without question was illiterate and unversed in business affairs. The strong inference at the conclusion of the plain-

tiff's case was that the appellant had wrongfully exacted and retained money belonging to his client. The action even under the theory of money had and received was not barred by the statute of limitations for it was not until about ten days before their marriage that the facts giving rise to the cause of action were discovered by respondents. They were married November 2, 1928, and the action was commenced November 24, 1930. The testimony shows that Lucy Shahabian did not have the slightest comprehension of what the transactions were, and the jury with opportunity to observe her on the stand could well form an opinion as to her competency. ■ All reasonable inferences are to be made in favor of the verdict, and in the absence of a request by the appellant for a special finding on the issue of incompetency it must be presumed that the jury by its general verdict found for the plaintiffs on every issue and that there is sufficient evidence to support that verdict. ■ The evidence on the part of the plaintiff was ample to convince the jury that appellant had retained more money than he was entitled to for his fees; and upon this showing made the burden then shifted to appellant of going ahead with the evidence to show clearly that the transaction was fair and reasonable and that no advantage was taken by him. Certainly the obtaining of this large fee is an advantage and appellant cannot safely rest without affirmative proof of the facts surrounding the transaction, proof sufficient to overcome the presumption that the transaction was without sufficient consideration and under undue influence. The jury might reasonably have believed from the evidence that appellant had not clearly shown his right to retain this amount of money. (*Treat* v. *Treat*, 170 Cal. 329 [150 Pac. 53]; *Metropolis Trust & Savings Bank* v. *Monnier*, 169 Cal. 592 [147 Pac. 265].)

In *Thornley* v. *Jones*, 96 Cal. App. 219 [274 Pac. 93], it was shown that the deceased was over 80 years old, of a trusting and confiding disposition, and had very little business experience, that she gave defendant attorney stock worth $2,500 for services rendered, that no agreement as to compensation had been made, that for three years the deceased made frequent calls on defendant, mostly social or relating to collection of a $900 note of an execution proof debtor, that the reasonable value of defendant's services in prosecuting a certain action was $150 and in drawing some wills was not to

exceed $75 and that he collected $100 and held possession of certain securities which he caused to be transferred from the possession of another attorney. It was held under these facts that the mere proof of negative conduct on the part of defendant and the absence of any false or fraudulent representations were not sufficient to overcome the presumption of fraud and unfair dealing which was automatically raised by the law. The court said: " 'An attorney may make an enforceable contract with one about to become his client for the payment of compensation for services to be rendered, and such a contract is not subject to the particular scrutiny of the court' (6 C. J. 735; 3 Cal. Jur. 626; *Cooley* v. *Miller & Lux,* 156 Cal. 510, 524 [105 Pac. 981]). 'A contract between an attorney and client for the former's compensation, entered into during the existence of the relation, is not void, although presumptively invalid, the burden of showing fairness resting on the attorney.' (6 C. J. 735; *Reynolds* v. *Sorosis Fruit Co.,* 133 Cal. 625, 630 [66 Pac. 621].) 'All dealings between an attorney and his client for the benefit of the former are not only closely scrutinized, but are presumptively invalid on the ground of constructive fraud and such presumption can be overcome only by the clearest and most satisfactory evidence. Not only must the attorney offer clear and satisfactory evidence that the transaction between himself and his client was fair and equitable and no advantage was taken by him, but he must also offer proof that the client was fully informed of all matters relative to the transaction and was so placed as to be able to act understandingly and to deal with the attorney at arm's length.' (*Estate of Witt,* 198 Cal. 407, 419 [245 Pac. 197, 202] ; *Magee* v. *Brenneman,* 188 Cal. 562, 567 [206 Pac. 37].) "

The court in the Thornley case said further: "There are cases, of course, where the knowledge and experience of the client are such as to overcome the presumption referred to, but the facts of this case are such as to require the strict application of the foregoing rule." This language, we believe, aptly applies to the present case. There cannot be the slightest doubt from the evidence that Lucy Shahabian was inexperienced, nor can it be held that she was "fully informed of all matters relative to the transaction and was so placed as to be able to act understandingly and to deal with the attorney at arm's length". The evidence clearly shows that she was

an illiterate and incompetent woman, unable to read or write English or write Armenian, her native language. She was unable to speak either English or Armenian, except with difficulty. Appellant did not inform her that the compensation she was tendering him was several times the amount his professional services were worth and several times the amount usually charged for similar services. The evidence was sufficient to entitle the jury to believe that the amount received by appellant was out of all proportion to the professional services rendered by him.

Appellant contends that after the execution of the note for $6,000 there was a compromise effected between him and the respondent whereby a reduction of $1500 was made, bringing the fees down to $4,500. The burden of proving this compromise agreement was upon appellant, and it was incumbent upon him as an attorney dealing with his client to show by clear and satisfactory evidence that it was entered into by his client with full knowledge of the points in dispute. Upon this point, as upon others, there is considerable conflict in the evidence, and since the instructions have not been legally attacked it must be presumed that the jury was properly instructed as to the law applicable and that they weighed the evidence in accordance with such instructions. This court cannot substitute its judgment for that already declared by the jury. (*McNutt* v. *Pabst,* 25 Cal. App. 177 [143 Pac. 77].)

The release referred to by appellant covered another and separate matter and concerned the defendants Najarian only; this release and the dismissal of the action against the Najarians did not affect the cause of action set forth in the second amended complaint. The case against appellant is based and was tried upon the theory that appellant had exacted attorney fees which were excessive. We are of the opinion that the case was fully and fairly tried and that the verdict for $3,000 in favor of the plaintiff was justified under the pleadings and proof.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 31, 1936.