[Civ. No. 11380.   Second Appellate District, Division One.—April 27, 1938.]

LOUIS ASTOR, Appellant, v. SAFEWAY STORES, INC. (a Corporation), Respondent.

164

D. Z. Gardner, Ira A. Gwin and Max Tendler for Appellant.

George L. Greer for Respondent.

YORK, P. J.—The complaint herein alleges that on the 14th day of January, 1936, appellant purchased a bottle of buttermilk for immediate consumption from the respondent Safeway Stores, Inc.; that he started to drink the same and felt in his mouth some particles which he believed to be ice; that after consuming a small amount of the buttermilk he became aware of a larger particle in his mouth which, upon examination, he discovered to be a piece of broken glass five-eighths of an inch in length and one-fourth of an inch in thickness, slightly circular in form, and at the same time he realized that he had been swallowing small particles of glass. He thereupon exhibited to the clerk from whom he had purchased the buttermilk both the bottle and the large piece of glass which he had taken from his mouth. It is further alleged that as result of the negligence of said respondent Safeway Stores, Inc., appellant was greatly injured and damaged in that his mouth and throat were cut and lacerated by said broken glass; that by reason of swallowing the same before he discovered what it was, he suffered continuous pains in his throat and mouth and in his stomach and intestines and became sick and nauseated thereby; "that

he still suffers such pains and reasonably expects that he will so suffer for at least one year and that at any time one or more of said pieces of glass swallowed by him may perforate the walls of his stomach and intestines and cause total disability or death, to his general damage in the sum of ten thousand dollars.'' Special damages are then alleged: $600 because of his inability to work at his trade of painter and decorator; $200 for medical and surgical treatments.

The cause was heard by the court sitting without a jury, who found that the buttermilk was purchased, as alleged; that ''in the buttermilk in said bottle there was a sharp piece of broken glass, which was not any part of the bottle, and that plaintiff got the same into his mouth in the course of drinking said buttermilk directly from said bottle, and cut his mouth thereby . . . that said buttermilk was not fit for human consumption, and that plaintiff relied upon the skill and judgment of defendant Safeway Stores, Inc., that the said bottle of iced buttermilk was fit for human consumption. . . . that other than the cut in the mouth caused by said broken glass plaintiff received no other injury nor any loss of weight; that plaintiff was treated by physicians and a reasonable value of such treatment did not exceed $50.00.''

Judgment was thereafter entered ''that plaintiff take nothing by reason of his complaint against the defendant Lucerne Cream and Butter Company . . . that plaintiff have judgment against defendant Safeway Stores, Inc., a corporation, in the sum of One hundred dollars ($100.00).''

Plaintiff appeals from the judgment on the grounds (1) that the evidence does not support the amount of the judgment and the amount thereof is grossly inadequate to compensate him for loss due to decreased earning capacity and the reasonable value of necessary medical services; (2) that the court failed to find upon a material issue raised by the pleadings, to wit: the issue of special damages due to decreased earning power, upon which competent substantial evidence was introduced to support a finding in favor of appellant, all of which resulted in prejudice to appellant; (3) that the judgment should be reversed and the cause remanded for a new trial.

■ There is ample evidence in the record to support the trial court's finding that the buttermilk contained a piece of glass, that plaintiff got the same into his mouth in the

166

course of drinking said buttermilk directly from the bottle and cut his mouth thereby. There is a conflict in the evidence as to whether or not appellant swallowed any glass and thereby suffered internal injuries. The testimony of two of the doctors who examined appellant discloses that there was an area of tenderness over the abdomen and the colon and a passing of blood by appellant, but the testimony of two other doctors was that they found no indication that appellant swallowed any glass. With such direct evidence establishing a cut in his mouth and with conflicting evidence as to whether or not appellant suffered any internal injuries, the court made its further finding that "other than the cut in the mouth caused by said broken glass, plaintiff received no other injury nor any loss of weight".

"In considering an attack upon a verdict as inadequate or excessive, the appellate court must treat every conflict in the evidence as resolved in favor of the respondent and must give him the benefit of every inference that can be reasonably drawn in support of his claim." (8 Cal. Jur. 837; *Sites* v. *Howrey*, 108 Cal. App. 348, 353 [291 Pac. 597].) Since the court found from the evidence adduced that appellant received no injury other than the cut in his mouth, it cannot be held that the judgment is inadequate to compensate appellant for such injury.

With respect to the second point here raised, since it is the judgment of the court that appellant received no injury other than the said cut in his mouth, any finding which the court might have made with reference to loss of time and decreased earning power would necessarily have been adverse to appellant, therefore the failure to make such finding does not constitute reversible error. As was stated in the case of *Brown* v. *Schroeder*, 88 Cal. App. 192, at page 201 [263 Pac. 325] : "It is not always necessary to make a specific finding as to each of several material issues where the findings taken as a whole, or construed together, clearly show that they include the court's conclusion upon all the material issues. (*Rossi* v. *Beaulieu Vineyard*, 20 Cal. App. 770 [130 Pac. 201] . . . )

"If in any case there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest its judgment upon that

finding, or those findings, and the others may and will be disregarded. (*American National Bank* v. *Donnellan*, 170 Cal. 9, 15 [148 Pac. 188, Ann. Cas. 1917C, 744] ; . . . *Thayer* v. *Tyler*, 169 Cal. 671 [147 Pac. 979] . . . ) . . . From the facts found and from the judgment ordered it is evident, in the light of the entire record, that if more complete findings had been made they would have been adverse to the contentions of appellant. If that be so, the failure to find further is not ground for reversal of the judgment. (*Krasky* v. *Wollpert*, 134 Cal. 338 [66 Pac. 309] . . . )"

The judgment is affirmed.

Doran, J., and White, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 23, 1938.