[Civ. No. 11900. Second Appellate District, Division Two.—December 2, 1938.]

VAL J. STREICHER, Appellant, v. U. G. BATTLES et al., Defendants; JAMES BATTLES, Respondent.

C. Kelley Hardenbrook for Appellant.

Hart, Glines & Libeu and Leon J. Libeu for Respondent.

McCOMB, J.—From a judgment in favor of respondent after trial before the court without a jury in an action to recover damages for personal injuries appellant appeals upon the judgment roll alone.

The essential facts are:

Appellant filed a complaint alleging that he had received personal injuries as a result of a collision between an automobile which he was operating and a hog owned by respondent. The complaint was in the usual form, alleging in general terms negligence upon respondent's part. Respondent's answer denied that he had been negligent. The trial court declined to make any finding relative to the negligence of respondent or contributory negligence of appellant. However, it did make the following concededly immaterial finding:

"VI

"The Court further finds that the place at which said accident occurred was upon a public highway one side of which was adjoined by property separated from such highway by a fence; that the other side of said highway, at said place, was adjoined by property not separated from said highway by a fence, wall, hedge, sidewalk, curb, lawn or building, and that at the time of said accident, the hog or pig involved in said accident had strayed upon said highway and remained thereon unaccompanied by any person in charge or control thereof."

This is the sole question for determination:

*Where the trial court fails to make a finding upon a material issue raised by the pleadings will its judgment be reversed on an appeal based upon the judgment roll alone?*

This question must be answered in the negative. The law is settled in California that on an appeal based upon the

judgment roll alone this court will assume, in the absence of a finding upon a material issue, that had the trial court made a finding upon such issue it would have been adverse to the party urging error. (*Delanoy* v. *Delanoy*, 216 Cal. 23, 27 [13 Pac. (2d) 513]; *Chaban* v. *Pittler*, 105 Cal. App. 205, 207 [287 Pac. 151]; *Bowers* v. *Union Trust Co.*, 117 Cal. App. 259, 264 [3 Pac. (2d) 614].) ■ Therefore, since in the present case the appeal is upon the judgment roll alone, we must assume that appellant failed to introduce any substantial evidence before the trial court which would have supported a finding of negligence upon respondent's part. Since finding VI set forth above was upon an immaterial issue, the argument which appellant bases thereon relative to the application of section 423 of the Agricultural Code to the facts of the present case is entirely irrelevant and will therefore not be considered by us.

For the foregoing reasons the judgment is affirmed

Crail, P. J., and Wood, J., concurred.