[Civ. No. 12083. Second Appellate District, Division Two.—April 17, 1939.]

ROSCOE C. CORNELL, Respondent, v. THE HOLLY-WOOD TURF CLUB (a California Corporation), Appellant.

Freston & Files for Appellant.

Bautzer & Ryan and Bernard M. Silbert for Respondent.

WOOD, J.—Defendant Hollywood Turf Club appeals from a judgment awarding plaintiff $4,147.33, the amount unpaid upon a contract for the employment of plaintiff for the period of one year at a salary of $125 per week. Plaintiff commenced work on September 21, 1936, and his services were discontinued on January 18, 1937, without fault on his part. The amount awarded was for plaintiff's compensation during the remainder of the period, less certain sums which plaintiff earned elsewhere.

The appellant corporation authorized its president, Alfred E. Green, to employ a publicity director to assist in the promotion of the affairs of the corporation, the object being to open a race track in July, 1937. Mr. Green met Mark Kelly, a sports writer, and discussed the availability of plaintiff, who was then employed by United Artists Theatre in San Francisco at a salary of $125 per week. Mr. Green told Mr. Kelly that he would pay plaintiff the sum of $125 per week plus expenses and would guarantee him a year's em-

ployment and asked Mr. Kelly to "contact" plaintiff on the subject. Mr. Kelly thereupon communicated with plaintiff and discussed with him the terms of the proposed employment. Mr. Kelly was also asked by Mr. Green to communicate with Harry Brand, who was at that time in position to give permission to plaintiff to leave the service of United Artists Theatre. Mr. Green later communicated with Mr. Brand, who testified at the trial: "Mr. Green said to me, 'We cannot pay him $150 a week. We can just pay him what you are paying him, the United Artists, $125 a week.' I said, that wasn't quite fair to Mr. Cornell because he was doing a good job, meaning he ought to give him an increase. Mr. Green promised if at the end of the year he did a fine job he would increase his salary to $150 a week." Following these conversations a series of six telegrams passed between plaintiff and Mr. Green. These telegrams follow:

"San Francisco Calif 1 1056A 1936 Sep 1 AM 11 31 Al Green Columbia Studios Hollywood Calif Harry Relayed Proposition to Me My Understanding $125 a Week With Legitimate Expenses and Increase When Track Opens if I do the Job You Expect Thats OK With Me and Thanks Please Wire Me Confirmation by Western Union Here so That I can Arrange to Leave When do you Want Me Duffy Cornell United Artists Theatre——

1936 Sep 1 PM 1207 Hollywood Calif 1 1147A Duffy Cornell, Care United Artists Theatre 1077 Market St Would You be Interested Accepting Publicity Directorship of New Summer Track Starting Immediately Stop If so Wire Me Ambassador Hotel Full Particulars Regards Alfred E. Green——

San Francisco Calif 1 1248P Sep 1 PM 12 59 Alfred E. Green Ambassador Hotel Los Angeles Glad to accept Thanks Harry Told Me 125 and Legitimate Expenses This Acceptable With Provision for More When Track Opens Provided I Do Job Expect Ready Come Any Time Must Give Theatre Some Notice Please Confirm if Agreeable and Advise When You Want Me Regards Duffy Cornell——

Los Angeles Calif 2 706P 1936 Sep 2 PM 7 19 Duffy Cornell, Care United Artists Theatre 1077 Market St SFran Will Verify Appointment Friday With Board of Directors Stop Am Sure Everything will Work Out Regards Al Green——

1936 Sep 8 PM 1 17 Los Angeles Calif 8 1233P Duffy Cornell 1077 Market St Care U A Theatre When Can You Leave Publicity Should Start at Once Regards Al——

San Francisco Calif 8 1936 Sep 9 AM 224 Alfred E. Green Hotel Ambassador Losa Obtained Release From Theatre Week From Saturday Gave Notice Today Please Wire Me Condition of Job Salary and So Forth Assume Position Good For Year As First Meeting Ten Months Away Have Assurance of Support From Valuable Sources Happy Be With You Prepared to Give You High Class Campaign Regards. Duffy Cornell.''

After the receipt of the last telegram appellant's board of directors authorized Mr. Green to engage the services of plaintiff on the terms mentioned therein. Following the sending of the telegrams plaintiff and Mr. Green conversed over the telephone concerning the proposed contract and on September 21, 1936, plaintiff met Mr. Green in Los Angeles and again discussed the terms of the contract of employment. Mr. Green at that time orally agreed that there would be a year's work for plaintiff and on the same day plaintiff actually commenced work for the corporation. On October 28, 1936, a temporary permit which had been issued to appellant was revoked and Mr. Warner assumed control of the corporation's business. On his orders expenses were cut and nearly all of the corporation's employees, including plaintiff, were discharged.

On the subject of the contract of employment the trial court found: ''That commencing on or about the 1st day of September, 1936, in the City of Los Angeles, County of Los Angeles, there was an exchange of wires between the plaintiff and said Alfred E. Green for and on behalf of the Hollywood Turf Club, a California corporation, wherein and whereby the corporation contracted to employ the plaintiff at a salary of One Hundred and Twenty-five ($125.00) Dollars per week and legitimate expenses for a period of one year from the date when he should commence his duties with said corporation. That on or about the 21st day of September, 1936, the said offer was reiterated by the corporation, through its President, to the plaintiff in person, and said offer was duly accepted by the plaintiff on the

said date, and on the same date, the plaintiff commenced his duties with the said corporation . . . ''.

Appellant contends that there is an irreconcilable conflict in the findings; that the contract was completed by the exchange of the first five telegrams, which do not provide for the definite term of employment; and that the contract is unenforceable because of the absence of definite agreement as to its terms.

We are satisfied that the court has found that the parties entered into a complete and binding oral agreement on September 21st, and that this finding is supported by the evidence and in turn supports the judgment. ■ It is elementary that every presumption is to be indulged in favor of the judgment and that the findings must be given a construction that will support the judgment if such a construction can reasonably be placed upon them. On appeal it is to be concluded that the trial court based its judgment upon that finding which, being sustained by the evidence, is sufficient to support the judgment. (*American Nat. Bank* v. *Donnellan*, 170 Cal. 9 [148 Pac. 188, Ann. Cas. 1917C, 744].)

■ We do not perceive any contradiction in the findings. The trial court found that there was an oral contract for the period of one year and also found that the same contract was made by the exchange of ''wires''. If the telegrams should be eliminated from consideration it is clear that the court's finding on the oral contract would be amply sustained by the evidence. An examination of the telegrams in evidence discloses that they fail to show that the parties had come to a definite agreement. The first two telegrams apparently crossed, neither one being an answer to the other. The first telegram from Mr. Green merely inquired if plaintiff would be interested in accepting the position. The second telegram from Mr. Green informed plaintiff that he, Green, would verify the appointment with the directors and expresses confidence that ''everything will work out''. The third telegram from Mr. Green asked when plaintiff could leave San Francisco. This was followed by a telegram from plaintiff in which he stated that he ''assumes'' that the position would be good for a year and asked for the ''condition of job, salary and so forth''. Apparently no one on behalf of appellant answered this telegram, although Mr.

Green testified that he had sent a "wire" to plaintiff "accepting his proposal and asking him to come as soon as he possibly could". Some uncertainty is placed upon this testimony in view of the fact that the witness further testified that all of the wires were in evidence. If Mr. Green did in fact send the wire referred to in his testimony plaintiff's right of recovery was complete for in that event it must be held that the terms were finally agreed upon by an instrument in writing. If on the other hand appellant did not convey its acceptance of plaintiff's terms by the telegram mentioned by Mr. Green it necessarily follows that the contract actually made by the parties was the oral agreement found by the court to have been made on September 21st, the day when plaintiff commenced to render services. In either event the judgment for plaintiff must be upheld.

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.