[L. A. No. 19535. In Bank. Mar. 26, 1946.]

EDWIN D. HUEBOTTER, Appellant, v. P. T. FOLLETT, Respondent.

Marion P. Betty for Appellant.

Nourse & Jones and Everett W. Thompson for Respondent.

SCHAUER, J.—Plaintiff appeals from a judgment entered upon a verdict for defendant in this action for personal in-

juries sustained by plaintiff when an automobile in which he was riding struck an illegally parked truck. Defendant owned and was operating such automobile at the time of the collision. Plaintiff urges that asserted errors of the trial court in giving and in refusing various instructions to the jury necessitate a reversal of the judgment. We have concluded that prejudicial error did occur in connection with certain of such instructions and that the judgment must be reversed.

The record shows without contradiction that the collision occurred between the hours of six and six-thirty in the morning of March 27, 1942, while it was still dark. Plaintiff, defendant, and one Wilson were, under a share-the-ride arrangement, riding together in defendant's car to their employment at Los Angeles Harbor. Each of the three men drove his own automobile two days of each week and on such days transported the other two with him between their homes and their work. No other compensation was given defendant by plaintiff for the ride here involved.

On the morning in question the men, traveling south on Atlantic Boulevard, a state highway in Los Angeles County, were crossing the Los Angeles River bridge. The bridge is about 500 feet long and the highway over the bridge is 60 feet wide with a double white line in the center. On the west side of the double line are two traffic lanes for southbound vehicles and on the east side are two lanes for northbound vehicles. Each of the inside lanes (next to the double line) is 10 feet wide, and each of the two outside lanes is 20 feet wide. Defendant's automobile was traveling in the outside, southbound lane, and another car in close proximity was using the other, or inside, southbound lane. Defendant's headlights were on. The truck with which defendant's car collided was parked at an angle in the outer lane on the west (southbound) side of the bridge, about 189 feet south of the north end thereof. The right front wheel of the truck was about 2 feet away from the west curb, the right rear wheel was about 9 feet from such curb, and the left rear corner of the truck was about 15 feet out in the traffic lane from the curb. As defendant approached the truck he swerved about 5 feet to his left in an attempt to avoid the truck, but was unable to do so without colliding with the automobile in the inner southbound lane. The right side of defendant's car struck the rear of the parked truck, causing plaintiff's injuries. It is not disputed that the truck was illegally parked

and that defendant could not have swerved to the right to avoid striking it without striking the right curb or bridge structure.

The evidence and the inferences to be drawn therefrom are contradictory concerning defendant's speed as he approached and began to cross the bridge, as to the time at which he first saw or had called to his attention the obstruction of the parked truck, and as to his conduct between such time and the collision. Without reciting such evidence in detail, it is sufficient to state that it would support a finding either for or against plaintiff's allegation that negligence on the part of defendant contributed proximately to the collision and to plaintiff's resulting injuries.

Plaintiff contends, first, that he was, as a matter of law, a passenger in defendant's car, rather than a guest within the meaning of section 403 of the Vehicle Code, and that the court erred to his prejudice in submitting that issue to the jury. Section 403 provides that ''No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride . . . has any right of action for civil damages against the driver of such vehicle . . . on account of personal injury to . . . such guest during such ride, unless the plaintiff in any such action establishes that such injury . . . proximately resulted from the intoxication or wilful misconduct of said driver.''

The instructions given by the court on this issue are as follows: ''A guest is one who is invited, either expressly or impliedly, to enjoy the hospitality of the driver of a vehicle; who accepts such hospitality; and who takes a ride either for his own pleasure or on his own business.

''Where, however, the driver receives some compensation, which is the chief inducement for the rider's transportation, and which is given and received as compensation and as a business transaction, such a rider is a passenger, not a guest.

''The compensation required to make a person a passenger, rather than a guest, need not be in money and need not be paid directly by the one who thereafter becomes a plaintiff. If, as the chief inducement for the transportation, any benefit is conferred on the driver, which has a then present pecuniary value, the person transported is a passenger, not a guest.

''However, the mere sharing of expenses does not, in and of itself, cause the rider, who pays part of such expense, to be a passenger, rather than a guest.

"If the plaintiff was a passenger while riding with defendant at the time of the accident, the defendant owed to his passenger the duty to exercise ordinary care, and if any negligent conduct on defendant's part was a proximate cause of injury to plaintiff, defendant is liable.

*"If, however, plaintiff was a guest of the defendant, you must find for and bring in a verdict for the defendant."* (Italics added.)

The court further instructed the jury that "It is the duty of the driver of a motor vehicle, using a public highway, to be vigilant at all times and to keep the vehicle under such control that to avoid a collision, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position."

Plaintiff requested the following instructions, which were refused: "You are instructed that at the time of the accident in question, the defendant P. T. FOLLETT was operating his car as a carrier of passengers for hire on a share-the-ride basis, and the plaintiff, EDWIN D. HUEBOTTER, was a passenger in said automobile for hire.

"It was the duty of defendant Follett in using the highway to exercise ordinary care at all times to avoid placing himself and the plaintiff Huebotter in danger and to avoid a collision."

██ As stated above, the only consideration given by plaintiff to defendant for riding to work in defendant's car was a reciprocal ride by defendant in plaintiff's car, thus reducing the cost of transportation to each. No factual issue was presented on this phase of the controversy. This court held in *Peccolo v. City of Los Angeles* (1937), 8 Cal.2d 532, 537 [66 P.2d 651] (adopting in part an opinion of the District Court of Appeal prepared by Mr. Justice Shinn, then acting pro tempore), that one riding in the automobile of another under such an agreement gave compensation for his ride and was a passenger in such automobile within the intent of section 403 of the Vehicle Code, *supra*. Consequently plaintiff was entitled to instructions that plaintiff was a passenger and that defendant owed to him a duty to drive with ordinary care. (See, also, *Walker v. Adamson* (1937), 9 Cal.2d 287, 289 [70 P.2d 914].) ██ Defendant, however, contends, first, that the instructions given by the trial court on the subject were requested by plaintiff and that plaintiff is therefore estopped on appeal to object to such instructions. Such contention is without merit. The record shows that the in-

structions so given were actually modifications of instructions which plaintiff requested that the court give if, and only if, other instructions proposed by plaintiff which stated unequivocally that plaintiff was defendant's passenger were refused. Such other instructions are quoted hereinabove and, as already noted, were refused. Under the circumstances plaintiff is not now estopped to urge on appeal that he was entitled to the refused instructions and suffered material prejudice by the fact that they were not given. (See *Dowd* v. *Atlas Taxicab etc. Co.* (1924), 69 Cal.App. 9, 14 [230 P. 958].)

Defendant contends, also, that the instructions given were an adequate and correct statement of the law concerning passengers, guests, compensation, and the duty owed to one who is a passenger, and that the jury must be presumed to have correctly followed such instructions to the extent of concluding that plaintiff was a passenger rather than a guest. If the jury did so conclude that plaintiff was a passenger, it necessarily follows that in order to bring in the verdict for defendant, as was done, the jury also found that defendant did not breach the duty of care owing by him to his passenger. It is argued in this connection that upon appeal from a judgment based on a general verdict it must be assumed that, as to each issue of fact submitted, the jury found in favor of the verdict (citing *Shahabian* v. *Najarian* (1936), 14 Cal.App. 2d 435, 443 [58 P.2d 396]) and that if there is any finding sustained by the evidence upon which judgment may rest it will be regarded as the one upon which the judgment did rest (citing *American National Bank* v. *Donnellan* (1915), 170 Cal. 9, 15 [148 P. 188, Ann.Cas. 1917C 744]; *Thayer* v. *Tyler* (1915), 169 Cal. 671 [147 P. 979]; *Bowers* v. *Union Trust Co.* (1931), 117 Cal.App. 259, 265 [3 P.2d 614]). The last cited cases state the rule applicable on trials by a court where specific findings are made. It may also have application in non-jury trials where findings have been waived and in jury trials where special verdicts have been returned. But we think that the rule should not be applied in such a case as this (jury trial, general verdict) to cure the error of refusing a requested instruction, to which the party was entitled, where the error resulted in submitting to the jury as a question of fact an issue that on the record was one of law. (See Code Civ. Proc., §§ 591, 592, 2102.) The situation is analogous to that presented when upon undisputed facts a contract must be con-

strued by the court. (See 24 Cal.Jur. 784, § 65; *O'Connor* v. *West Sacramento Co.* (1922), 189 Cal. 7, 18 [207 P. 527]; see, also, *Ball* v. *Rawles* (1892), 93 Cal. 222, 226-227 [28 P. 937, 27 Am.St.Rep. 174].)

▮ We are of the view that where, as here, the evidence upon the issue of negligence is such that it would amply support a factual finding either for or against defendant upon that issue, and where the undisputed facts establish as a matter of law that plaintiff was defendant's passenger at the time of the accident, it constitutes prejudicial error to also place in the hands of a jury of laymen the question as to whether or not plaintiff was a passenger within the meaning of section 403 of the Vehicle Code. Actually, the proposition that one being carried to his employment, in the automobile of another, on a share-the-ride basis is as a matter of law a passenger of the latter was established only after litigation which was brought to this court on appeal (see *Peccolo* v. *City of Los Angeles* (1937), *supra,* 8 Cal.2d 532). Consequently, to presume that a jury of laymen without positive and unequivocal instructions to the effect that plaintiff was defendant's passenger, nevertheless concluded that he was such, would be to indulge in a legalism unwarranted by the realities of human experience.

Inasmuch as the judgment must be reversed for the reasons already stated it is unnecessary to discuss other asserted errors in instructions, complained of by plaintiff, which need not occur on a new trial.

The judgment is reversed and the cause remanded for a new trial.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., and Spence, J., concurred.

EDMONDS, J.—I cannot agree with the conclusion reached by Mr. Justice Schauer that where there are two issues of fact, it is prejudicial error justifying a reversal for the trial judge to correctly instruct the jury in regard to the one upon which the evidence is uncontradicted, if the verdict is consistent with and supported by all of the evidence in the case. An issue upon which there is no contradictory evidence and concerning which only one reasonable inference can be drawn should be ruled upon by the court as a question of law (*Bibb* v. *Allen,* 149 U.S. 481, 493 [13 S.Ct. 950, 37 L.Ed. 819];

*Upton* v. *Tribilcock,* 91 U.S. 45 [23 L.Ed. 203] ; see 16 R.C.L. 189, note 10 and cases cited thereunder; 53 Am.Jur. 150). To submit it to the jury constitutes error (*Poncino* v. *Sierra Nevada Life & C. Co.,* 104 Cal.App. 671 [286 P. 729] ; *Stewart* v. *Erskine-Bolst,* 66 Cal.App. 461 [226 P. 644] ; *Morris & Co.* v. *Fels & Co.,* 278 F. 172; see 24 Cal.Jur. 794), but such action is not necessarily prejudicial.

In the present case, the record shows that the jury was correctly instructed upon the issue as to whether the plaintiff was a passenger or a guest. It must be presumed that the jurors were intelligent persons who correctly applied the instructions of the court to the undisputed evidence and found the plaintiff to have been a passenger. (*Henderson* v. *Los Angeles Traction Co.,* 150 Cal. 689, 697 [89 P. 976] ; *Dermer* v. *Pistoresi,* 109 Cal.App. 310, 314 [293 P. 78] ; *Robinson* v. *McKnight,* 103 Cal.App. 718, 728 [284 P. 1056] ; see 24 Cal. Jur. pp. 795, 796.)

The general rule which carries the presumption that, as to each of the facts submitted, the jury found in favor of the verdict is also applicable here. As stated in *Shahabian* v. *Najarian,* 14 Cal.App.2d 435, 443 [58 P.2d 396] (petition for hearing denied), in considering an appeal from a judgment based upon a general verdict it must be assumed that the jury passed upon every material issue of fact submitted to them, and that the findings thereon were such as to support the verdict. (In accord: *Wladyka* v. *City of Waterbury* (1922), 98 Conn. 305 [119 A. 149] ; see, also, *People* v. *Gorman,* 69 Cal.App.2d 54 [158 P.2d 267] ; *Cornell* v. *Hollywood Turf Club,* 32 Cal.App.2d 204, 208 [89 P.2d 449] ; *Mau* v. *McManaman,* 29 Cal.App.2d 631, 636 [85 P.2d 209] ; *Streicher* v. *Battles,* 29 Cal.App.2d 526, 527 [84 P.2d 1049] ; *Astor* v. *Safeway Stores, Inc.,* 26 Cal.App.2d 163, 166 [79 P.2d 146] ; *Hamilton* v. *Ferguson,* 26 Cal.App.2d 390, 402 [79 P.2d 427] ; *Ramsey* v. *Furlott,* 14 Cal.App.2d 145, 148 [57 P.2d 1007].) And submission to the jury of a question of law is harmless error where the jurors followed correct instructions applicable to the issue. (*Sutter* v. *Associated Seed Growers, Inc.,* 31 Cal.App.2d 543 [88 P.2d 144] ; *Poncino* v. *Sierra Nevada Life & C. Co., supra,* p. 676; *Stewart* v. *Erskine-Bolst, supra,* p. 473; *Morris & Co.* v. *Fels & Co., supra,* p. 174; *Moore* v. *People's State Bank of White Water* (1923), 114 Kan. 100 [217 P. 299] ; *Fordney* v. *King County* (1941), 9 Wn.2d 546 [115 P.2d 667] ; *Fosgate Co.* v. *Spokane Valley Grower's*

*Union,* 263 Mass. 15 [160 N.E. 297] ; *Heaton* v. *Nelson* (1921), 69 Colo. 320 [194 P. 614] ; *Longcor* v. *Detroit Homeopathic College* (1920), 210 Mich. 575 [178 N.W. 222] ; *Wladyka* v. *City of Waterbury, supra; Patten* v. *Chicago & N. W. R. Co.,* 32 Wis. 524.)

Accordingly, in my opinion, as the evidence upon the issue of negligence supports the verdict in favor of the defendant and it must be presumed that the jury found Huebotter to have been a passenger at the time of the accident, the assigned error was not prejudicial.