[No. 9230. Department One. March 7, 1911.]

JAMES A. MURRAY, *Appellant*, v. TRUMBULL & TRUMBULL, *Respondents.*[1]

ATTORNEY AND CLIENT—COMPENSATION—AMOUNT—CONTRACT—EVIDENCE—SUFFICIENCY. The evidence supports findings to the effect that attorneys contracted to foreclose a mortgage for $500 only in case no defense was made, where they so testified and it appears that the client represented that no defense would be made and none was contemplated; and a vigorous defense having been made without any agreement covering that contingency, they were entitled to recover a reasonable fee.

Appeal from a judgment of the superior court for King county, Webster, J., entered July 1, 1910, in favor of the defendants, after a trial on the merits before the court without a jury, in an action to compel the delivery of a check held by attorneys. Affirmed.

*Hughes, McMicken, Dovell & Ramsey,* for appellant.
*Trumbull & Trumbull,* for respondents.

MOUNT, J.—This proceeding was begun by the appellant, to compel the respondents, Trumbull & Trumbull, to deliver to appellant a check for $70,158.89, being the proceeds of a mortgage foreclosure in the case of *Murray v. O'Brien,* 56 Wash. 361, 105 Pac. 840. A show cause order was issued and served upon respondents, Trumbull & Trumbull, who answered, admitting possession of the check, but alleged that they had been employed as attorneys for appellant in the foreclosure action, and claimed a lien upon the check for a rea-

[1] Reported in 113 Pac. 769.

sonable attorney's fee in the sum of $7,500. The answer also set out a history of the litigation. The appellant, for reply to this answer, admitted the employment of Trumbull & Trumbull as attorneys in the foreclosure action, and alleged that such services were rendered under a contract by which respondents, Trumbull & Trumbull, for an agreed fee of $500, undertook to foreclose the mortgage and to secure the sale of the mortgaged property. The appellant also further alleged that, by reason of the improper conduct of respondents in the foreclosure case, the mortgage of the appellant was placed in jeopardy, and appellant was deprived of interest on the mortgage for approximately one year, and was compelled to pay a large sum of money for additional counsel to finally secure a decree of foreclosure of the mortgage. Upon these issues the case was tried to the court without a jury, and the court concluded that the respondents were entitled to a lien upon the proceeds of the foreclosure sale in the sum of $5,000, which was adjudged a reasonable attorney's fee in the case, and entered a judgment to that effect. This appeal is prosecuted from that judgment.

The appellant argues that there was an agreement fixing the compensation of the respondents at $500, and that there can be no additional recovery. The evidence is conclusive to the effect that there was an oral agreement between appellant and respondents, Trumbull & Trumbull, at the time of the employment, but the terms of that agreement are disputed. The appellant contends that the respondents agreed to foreclose the mortgage for the sum of $500, while the respondents contend that the agreement was that they should make the foreclosure for the sum of $500, provided there was no defense to the action; and in case there was a defense, no fee was agreed upon. The evidence is clear that, at the time the agreement was made, it was stated by the appellant and his agents that no defense would be made to the foreclosure action, and the parties at that time contemplated no defense. The evidence is also clear that vigorous defense and counter actions were

waged from the beginning to the end of the case. There can
be no doubt about the rule that, where an attorney agrees to
do a certain piece of work for a stated fee, he is bound by that
fee, notwithstanding the amount of work may be greater than
was anticipated.

"It is well settled that there cannot be an express and an
implied contract embracing the same subject-matter at the
same time. The former necessarily excludes the latter. It is
only where parties do not expressly agree, that the law inter-
poses and raises a promise. The reason of the rule is plain.
The parties are bound by their agreement, and therefore there
is no ground for implying a promise where there is an express
contract." 15 Am. & Eng. Ency. Law (2d ed.), p. 1078.

"An agreement by which an attorney undertakes, for a
specific compensation, to conduct the prosecution or defense of
a case or other matter intrusted to him, contemplates that the
amount fixed is to cover compensation for all services which
are ordinarily or necessarily incidental to the proper conduct
of such case, and the attorney cannot recover extra compensa-
tion for the performance of any such services. Where, how-
ever, he renders services clearly not contemplated as probable
or necessary at the time of making the agreement, but made
necessary by subsequent unexpected and unusual developments
in the progress of the case, he is entitled to extra compensation
on the ground that the original agreement did not cover the
services performed." 3 Am. & Eng. Ency. Law (2d ed.), pp.
442-3.

See, also, *Isham v. Parker*, 3 Wash. 755, 29 Pac. 835.

In this case the trial court, upon hearing the evidence, con-
cluded that the terms of the contract entered into did not con-
template that the fee of $500 agreed upon was an absolute fee
for the foreclosure of the mortgage, but was agreed upon
only in case there was no defense to the action, and there being
a defense, there was no contract as to the amount of the fee
in such case. In this we think the court was amply justified,
in view of the circumstances surrounding the employment.
Since a vigorous defense was made, and since there was no
agreement as to the amount of the fee under that contingency,

it follows that the respondents were entitled to a reasonable fee therefor. The amount of the fee allowed by the court is not attacked, except that the appellant contends that the defenses were brought about by the conduct of the respondents themselves, and for that reason no recovery should be allowed. It appears that, after defenses had been interposed, certain tenders were made by parties holding the equity of redemption in the mortgaged property. These tenders were all declined by the respondents. The evidence is in conflict upon this question, the appellant contending that the attorneys were directed to accept an unconditional tender, while the respondents testify that they were directed not to receive such tender. There is sufficient in the case to justify the conclusion that counsel were not at fault, and for that reason we shall not disturb the judgment entered.

The judgment is therefore affirmed.

DUNBAR, C. J., PARKER, and FULLERTON, JJ., concur.