[Civ. No. 13814. Second Dist., Div. Two. Mar. 8, 1943.]

WILLIAM ELLIS LADY, Appellant, v. CATHERINE A. WORTHINGHAM, Respondent

William Ellis Lady, in pro per., and Webster Hazlehurst for Appellant.

Howe & Finch and Horowitz & McCloskey for Respondent.

McCOMB, J.—Plaintiff filed an action on a promissory note in the sum of $2,000 executed in his favor by defendant.

After trial before the court without a jury, the trial court found that there was not any consideration for the promissory note and that plaintiff was not entitled to recover thereon. The trial judge, however, gave judgment against defendant in the sum of $361.37, which was equivalent to the amount allowed by the probate court to an attorney for probating an estate of the value of the one hereinafter described.

The evidence being viewed in the light most favorable to defendant (respondent), the material facts are:

May 6, 1936, Alice A. Williams died testate naming defendant executrix of her will and also the principal beneficiary of her estate, which consisted of property in California of the appraised value of $8,284.36, land in Texas of the appraised value of $29,470.50, and property located in the State of Illinois of approximately $20,000 value. Defendant, an assistant professor of physical education and hygiene at Leland Stanford Junior University, had not had any experience in business matters and was not familiar with the necessary procedure in order to obtain title to the property which had been devised to her. She consulted Mr. Canavan, the husband of one of her personal friends, who advised her that it would be necessary to institute probate proceedings, and for such purpose she should employ a lawyer. Mr. Canavan arranged an appointment between defendant and plaintiff, an attorney

at law who had been practicing his profession in Los Angeles for more than twenty-nine years.

In this interview plaintiff suggested to defendant that, since she had no business experience and Mr. Canavan was an experienced person in handling estates, she should renounce her right to act as executrix under the will of Mrs. Williams and nominate Mr. Canavan as administrator with the will annexed. This procedure was followed and plaintiff was employed to take the necessary legal proceedings and represent defendant in connection therewith.

Plaintiff told defendant that the fees for his services could be arranged either by allowing the probate court to fix the amount thereof or by agreement between herself, himself, and Mr. Canavan, but that it would be to her advantage if the fee were fixed by arrangement between themselves rather than to have the probate court fix it. At this first meeting there was no discussion as to the amount of the fee. Some weeks later at Mr. Canavan's house, after a discussion with reference to the amount of the fee, Mr. Canavan stated to defendant that a fee of $2,000 for himself and a like amount for plaintiff would be a reasonable fee.

July 8, 1936, Mrs. Williams' will was admitted to probate and Mr. Canavan qualified as administrator with the will annexed. The ordinary probate proceedings followed, there being no litigation, claims or special proceedings in connection therewith. However, the final account and petition for distribution had not been filed January 28, 1938, at which time plaintiff sent defendant, who was in Palo Alto, two promissory notes each in the sum of $2,000, one in his own favor and one in favor of Mr. Canavan, and asked her to sign them. On the following day plaintiff wrote defendant another letter reading in part as follows:

"I suggest you sign the notes I sent you with my letter of yesterday, one in favor of Mr. Canavan and one in favor of me, and return same, and thereupon I will file the account, and set it for hearing, and get the matter under way."

The notes defendant signed and returned to plaintiff with a letter in which she said:

"I am enclosing the signed note that you requested covering your fees, with the understanding that this money will come out of the sale of properties of the estate."

January 31, 1938, a final account and petition for distribu-

tion was filed with the probate court, in which it was alleged that the attorney and administrator had been paid the fees for their services. On March 9, 1938, the account was approved and a decree of distribution entered, and thereafter exemplified copies of the probate proceedings in this state were recorded in Texas and Illinois. An attorney was employed in Illinois for the purpose of representing the estate there, receiving $150 for his services, which was paid by defendant. An attorney was also employed in Texas for a like purpose, who was paid a fee of $50 by defendant.

In May of 1939 the property in Texas, title to which was now vested in defendant, was sold. Upon plaintiff's learning of the sale of the Texas property, he held a conference with defendant and stated that he was entitled to more compensation, to wit, that he should receive $3,000. After this conversation defendant sought the advice of Mr. Howe, another attorney. Subsequently negotiations took place between plaintiff and Mr. Howe for the purpose of settling plaintiff's claim. These negotiations failed and a settlement of the differences between plaintiff and defendant was not consummated.

Thereafter plaintiff instituted the present action, which terminated in the trial court as stated above.

There are presented for our determination two questions which will be stated and answered hereinafter seriatim.

*First: Was there substantial evidence to sustain the trial court's finding that there was not any consideration for the note which was the basis of the present suit?*

This question must be answered in the affirmative and is governed by the following pertinent rules of law:

(1) The relation of attorney and client is one of special trust and confidence and where, after the relationship has been established, an attorney and client enter into an agreement with reference to the attorney's compensation, the burden is on the attorney to show that the agreement was fair and openly made with full knowledge upon the part of the client of the facts and of his legal rights with relation thereto. The attorney in such case is bound to act in *uberrima fides,* that is, with the most scrupulous good faith toward his client. (*Stieglitz* v. *Settle,* 50 Cal.App. 581, 585 [195 P. 705]).

(2) Where an attorney attempts to enforce a contract entered into with his client after the relationship of attorney and client has arisen, the presumption arises that the con-

tract was without sufficient consideration (*Shahabian* v. *Najarian,* 14 Cal.App.2d 435, 443 [58 P.2d 396]).

██ (3) The burden of proof rests with the attorney to overcome the presumption referred to in the foregoing rule, to wit, that there was no consideration for the transaction (*Shahabian* v. *Najarian, supra; Brydonjack* v. *Rieck,* 5 Cal.App.2d 219, 223 [42 P.2d 336]; *Thornley* v. *Jones,* 96 Cal.App. 219, 227, 229 [274 P. 93]).

██ Applying the foregoing rules to the facts of the instant case, it is clear that plaintiff did not sustain the burden of proof in accordance with the third rule stated above, and therefore the presumption set forth in the second rule *supra* constituted substantial evidence to sustain the trial court's finding that there was not any consideration for the note defendant had executed in favor of plaintiff. In addition, however, the uncontradicted evidence, which supports the facts stated above, shows that plaintiff did not meet the requirements of the first rule above mentioned, in that he did not tell defendant that, if the court fixed the fee, the amount thereof would be only $361.37 and that the probating of the estate was a very simple matter. From the record before this court it appears that a finding by the trial court that there was sufficient consideration for the note would have been unsupported by the evidence and contrary to the overwhelming weight thereof.

██ *Second: Did the trial judge's attitude toward plaintiff, which is exemplified by a portion of the record hereinafter set forth, constitute prejudicial error?*

This question must be answered in the negative. The following is an excerpt from the record which discloses the unhappy relationship which existed between plaintiff and the trial judge at the time of the trial:

"Mr. LADY: May I suggest——

"THE COURT: You may not suggest anything, but answer the questions. You are here as a witness.

"THE WITNESS: I would like to suggest—I would like to address the court.

"THE COURT: All right; go ahead.

"Mr. LADY: Now, if the court please, if your Honor is taking that attitude, you indicate there, is something wrong with us before we get an opportunity to complete the evidence. I ask your Honor to disqualify yourself.

"The Court: I repeat the statement, you made a technical objection. You are supposed to be a lawyer. Your duty to your client is that of the very greatest type of fiduciary relation. An honest lawyer, I would think, would be willing to answer every question to every fact before the court. However, you have made the objection.

"Mr. Lady: Does your Honor mean to say I am a dishonest lawyer?

"The Court: Mr. Bailiff, would you make this man sit down?

"Mr. McCloskey: Will you take the stand?

"Mr. Lady: Would you mind——

"The Court: Another word from you and you are going to be sentenced to jail for contempt. You answer the questions. You are a witness, and that is all."

Although it appears to us that the trial judge should have been more temperate in his conduct of the trial, we find nothing in the record to indicate that his judgment as reflected in the findings of fact and conclusions of law was biased or prejudiced against plaintiff. In fact, as stated heretofore, we are of the opinion that the overwhelming weight of evidence sustains the findings of fact and judgment predicated thereon.

Since neither party is urging that it was error for the trial judge to give judgment in favor of plaintiff for $361.37, while finding that there was not any consideration for the note upon which the action was founded, it is unnecessary for us to determine whether such judgment was proper in this proceeding, which was solely one to enforce payment of a promissory note.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W.J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1943. Curtis, J., and Carter, J., voted for a hearing. Schauer, J., did not participate therein.