[Civ. No. 13814.   Second Dist., Div. Two.   Dec. 16, 1943.]

WILLIAM ELLIS LADY, Appellant, v. CATHERINE A. WORTHINGHAM, Respondent.

William Ellis Lady in pro. per., and Webster Hazlehurst for Appellant.

Howe & Finch and Horowitz & McCloskey for Respondent.

McCOMB, J.—This is a motion by appellant for an order recalling the remittitur issued herein on the ground that the decision of this court affirming the judgment of the Superior Court was made (1) inadvertently, and (2) under a mistake as to the facts of the case.

The undisputed facts are:

On March 8, 1943, we affirmed a judgment of the superior court from which appellant had appealed to this court (*Lady v. Worthingham,* 57 Cal.App.2d 557 [135 P.2d 205]).   An application for a rehearing was not filed by appellant with us.   However, on April 15, 1943, appellant filed a petition in the Supreme Court for a hearing, which petition was denied May 6, 1943.   On May 8, 1943, remittitur issued from this court to the superior court.

On June 8, 1943, appellant paid to respondent her costs incurred on appeal and respondent delivered to appellant a satisfaction of judgment for said costs.   June 11, 1943, a satisfaction of judgment, executed personally by appellant,

was filed in the superior court. June 24, 1943, The State Bar of California after investigating the facts surrounding the case of *Lady* v. *Worthingham, supra,* wrote appellant a letter* stating that a formal proceeding would not be instituted against him by The State Bar.

November 1, 1943, appellant filed with the Supreme Court a document entitled ''Further petition of appellant for hearing after decision by the District Court of Appeal, Second Appellate District, Division Two, and after hearing denied by Supreme Court.'' This petition was denied by the Supreme Court November 29, 1943.

On November 18, 1943, the present motion was filed with this court.

The affidavit supporting the present motion contained substantially the same facts as those alleged in the petition filed November 1, 1943, with the Supreme Court.

The only facts appearing on the present motion which did not appear in appellant's original petition for a hearing in the Supreme Court, filed April 15, 1943, are that The State Bar has investigated appellant's conduct relative to the above entitled case, and has concluded not to institute a formal proceeding against him.

■ This is the sole question necessary for us to determine.

*Was this court's judgment predicated upon (1) inadvertence or (2) a mistake of fact?*

This question must be answered in the negative. All of the facts presented by appellant on this motion were before us when the original appeal was determined by this court with the exception of the facts relative to the investigation of appellant's conduct by The State Bar.

The facts pertaining to the investigation before The State Bar do not in any way bear upon the original decision in the instant case for the reason that:

---

*The letter mentioned read as follows:

"William Ellis Lady, Esquire
820 Hollingsworth Building
Los Angeles 14, California

"Dear Mr. Lady:

"The matter in connection with a State Bar investigation in which you were requested to appear, came regularly before this committee at its meeting on June 22, 1943. The committee has carefully considered the facts brought to its attention, and has concluded that no formal proceedings should be instituted by the State Bar.

Very truly yours,
Local Administrative Committee
No. Two for Los Angeles County
By Thelma R. Anderson, Secretary."

First: The only question decided by The State Bar was that a "formal proceeding" should not be instituted against appellant by it. It is to be noted that there is nothing in the record to indicate that The State Bar, or an investigating committee thereof, reached a different conclusion upon the facts than the conclusion reached by the trial court and affirmed by us;

Second: So far as the decisions of this court and the Supreme Court are concerned, it is utterly immaterial what conclusion The State Bar, or any investigating committee thereof, may have reached relative to a judgment of this court or of the Supreme Court. The decisions and judgments of the District Court of Appeal and the Supreme Court are not subject to review by The State Bar or a committee thereof.

For the foregoing reasons the motion is denied.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 10, 1944. Carter, J., voted for a hearing. Schauer, J., did not participate therein.