[No. 32189. Department Two. March 5, 1953.]

BOARDMAN NOLAND, *Respondent*, v. FLORENCE E. CUDDY, *Appellant.*[1]

*James P. Dillard* and *Edward W. Robertson*, for appellant.

*Boardman Noland, pro se.*

FINLEY, J.—Mr. Boardman Noland, a lawyer, and plaintiff in this lawsuit, seeks to obtain payment for legal services allegedly performed by him for Miss Florence E. Cuddy. The pertinent facts may be stated as follows:

Miss Cuddy became involved in a lawsuit with a Mr. E. E. Paulson (cause No. 113651, Spokane county superior court). The trial judge indicated in a memorandum opinion that his decision would be adverse to Miss Cuddy. She seems to have had some difficulties with the attorney then representing her and, apparently, consulted six or seven other attorneys or law firms about the matter. Finally, she consulted attorney Noland. He agreed to appeal the case to the supreme court for a legal fee of five hundred dollars.

[1]Reported in 254 P. (2d) 461.

Attorney Noland claims that, upon investigating the matter further, he discovered the case was not ready, nor in a condition, to be appealed, and it would involve much more time and effort than normally is required in appealing a matter to the supreme court. Mr. Noland claims that he advised Miss Cuddy about the additional work which would be involved, and that he would have to charge her more than they originally agreed upon; that she agreed to this, telling Mr. Noland that she was principally interested in reversing the superior court decision, which had implied she was guilty of fraud, and that money was not too important to her.

Miss Cuddy claims that attorney Noland agreed to handle the appeal for a flat fee of five hundred dollars, and that there was no supplemental agreement of any kind for a fee of more than five hundred dollars.

The record shows that, when Miss Cuddy went to Mr. Noland, the case was not ready nor in a condition to be appealed without considerable additional work. Mr. Noland spent four days in superior court in trial regarding an accounting, and five additional days in connection with the preparation and entry of findings, conclusions, and judgment, and in connection with a motion for a new trial. Finally, in cause No. 113651, Spokane county, a judgment of six thousand dollars was rendered against Miss Cuddy. Mr. Noland appealed the matter. The supreme court set aside the judgment of six thousand dollars against Miss Cuddy. A judgment was entered in her favor for seventeen thousand dollars.

Miss Cuddy paid Mr. Noland a sum of money, which covered the costs of the appeal and netted him the sum of $596, to be applied upon his fee for legal services rendered. Miss Cuddy refused to pay any additional amount for the legal services allegedly rendered. Mr. Noland instituted the present suit. The trial court awarded an additional attorney's fee of five hundred dollars, and in the judgment provided that Mr. Noland would be entitled to twenty-five per cent

of any amount recovered on Miss Cuddy's judgment of seventeen thousand dollars against Mr. Paulson.

The trial court was confronted with the question of whether the parties had agreed, solely, on a fee of five hundred dollars, or whether, subsequent to such specific agreement, an understanding had been reached that the attorney would be compensated over and above the sum of five hundred dollars for additional work required in appealing the case to the supreme court.

As pointed out heretofore, the testimony of the parties in the trial court was conflicting. Apparently, the trial judge believed Mr. Noland and resolved the dispute in his favor. The findings indicate specifically that the parties, at least initially, agreed upon a legal fee of five hundred dollars. The findings are not crystal clear to the effect that a supplementary agreement about additional legal fees was entered into by the parties. However, in his memorandum decision, the trial judge stated:

"Now, as to the appeal, I think there is little doubt that Mr. Noland's testimony in regard to his conversation with Miss Cuddy in the beginning is correct. He said his conversation with her was when she wanted him to go into the case that he supposed it was ready for an appeal, and that he told her he would charge her $500 for that appeal to the supreme court. I am convinced that she agreed to that, that she did pay him $500, and Mr. Noland admits in one of these exhibits that he has been paid $596 over and above the costs that Miss Cuddy turned over to him and he paid out. So that as far as the appeal is concerned, that was a matter of contract between them. Mr. Noland has been paid in full for that, and $96 in addition.

"That leaves the third phase of this case, and I am confident that the agreement as to the $500 applied to nothing except the appeal. When he went into this matter he found out that the judgment entered by the trial judge required something far more than he had anticipated, and it did. It required another trial, virtually, to determine how much Paulsen owed Miss Cuddy, if anything, and how much, on the other hand, Miss Cuddy owed Paulsen. There is no dispute in the testimony that that trial took four or five days, and there are other appearances by Mr. Noland here in

court in getting the findings of fact, conclusions of law, and judgment straightened out and entered.

"It is a matter of common knowledge among attorneys that $500 is about the minimum for which any attorney will attempt to appeal an ordinary case to the supreme court, a case involving an accounting and a judgment of five or six thousand dollars. Therefore, I am convinced that that fee, on all of the testimony, was the fee fixed for the appeal and the appeal alone.

"Now, Mr. Noland has been paid for that, and he has been paid in full. There has been $96 over and above that, and it (the appeal) is out of the case, likewise.

"What is the reasonable amount then for him to be paid in addition for his services in this matter of the accounting and other matters not involved in the appeal?  .  .  .

" .  .  . I think that in addition to what Mr. Noland has been paid, that is $596 on his fee, he is entitled to $500 more, and I think that is letting Miss Cuddy out with an exceedingly reasonable amount.

"Miss Cuddy expresses such high appreciation in her letters to him of his services—and I want to repeat that that excludes the office calls which Mr. Noland could have controlled himself, but out of his infinite patience he didn't control—that excludes the amount agreed upon by the parties for the appeal to the supreme court, and it covers only the matters—that excludes also the amount for his admitted services in Idaho which wasn't agreed on between them, as is shown by the fact that Miss Cuddy, when she found out what he had done or intended to do, stopped him from accomplishing, so that proceeding any further wasn't within the agreement between them—*the amount I have fixed is governed largely by what Mr. Noland did for Miss Cuddy that he hadn't agreed to do; that he had to do in finishing the case in the trial court.* He finished it to her satisfaction and in her favor to the extent of over $500 more than had been apparently intended by the trial court. He had to appeal this case to the supreme court and had to finish the case in the trial court, as well, because it hadn't been finished there by Mr. Lovell, her attorney at the time, who should have finished it there."  (Italics ours.)

In *Payne v. Vinecore*, 40 Wn. (2d) 746, 751, 246 P. (2d) 448, we said:

"Where, as here, the formal findings of fact are consistent with the views expressed in the oral decision, they are to

be read in the light of the views expressed in that decision. *Mertens v. Mertens*, 38 Wn. (2d) 55, 59, 227 P. (2d) 724."

In the instant case, we are convinced that the findings, regarded in the light of the views expressed by the trial court in his memorandum decision, indicate or establish the fact that the parties entered into a supplementary agreement that Mr. Noland's fee would not be limited to the flat sum of five hundred dollars, as originally had been agreed upon.

The testimony is conflicting. Our examination of the record leads us to believe (a) that Mr. Noland met the burden of proof imposed upon him because of the nature of this case (*Lady v. Worthingham*, 57 Cal. App. (2d) 557, 135 P. (2d) 205; *Murray v. Trumbull & Trumbull*, 62 Wash. 336, 113 Pac. 769); and (b) that the evidence does not preponderate against the findings of the trial court construing them as we have indicated above.

The trial judge had the witnesses before him. He was in a better position to determine their veracity than we are, with only the typewritten record before us. The judgment of the trial court is hereby affirmed.

GRADY, C. J., SCHWELLENBACH, HAMLEY, and DONWORTH, JJ., concur.